If a man receive money to his own use and to his own benefit, upon a consideration which happens to fail, he is liable to refund; but if he receives it as agent for another, or acting (495) for another, and pay it over, he is not liable to refund. It may not be so expressly laid down in any one case in the books, where the receiver to his own use is sued, but that this is the law may easily be ascertained by a comparison of the cases where a receiver to his own use is sued with those where the defendant has been sued as agent, or the like. The case in Cowper decides that he is not liable when sued as an agent. Another well known case is where letters of administration are obtained, and the administrator appoints his attorney, who receives money and pays to the administrator, and then the letters are repealed and granted to the next of kin, and he sues the attorney. The attorney is not liable to his action. This goes upon the same principle. Another case coming very near the present is where the executor sells a term for years, which he supposes to be the testator's and the vendee is ejected by judgment and sues the executor. He is not liable, because he may have paid over the moneys to creditors or legatees. Doug., 654, 656. The reason of these cases governs that of a sheriff selling land by virtue of an *Page 397 
execution. He receives the money not to his own use, but to the use of the plaintiff in the action; when he has paid it over he is not liable; for if he be, how is he to be recompensed? He cannot recover back of the plaintiff. The sheriff is not bound to warrant the property, for he is not benefited by the money as a private vendor is. No sheriff, executor, or the like would ever be safe were they bound to warrant the property sold. They frequently have not the means of knowing whether the title be good or bad. Their estate would be perpetually in danger. The property sold might at any distance of time after the sale be recovered of the vendee or his heirs, and the sheriff become liable thereby. No man, under such disadvantages, would become agent, executor, or sheriff. The doctrine contended for by the plaintiff in the present action would destroy all such agencies and offices, beneficial as they are to the public. It does not follow because the sheriff is liable to a stranger for selling his personal effects, that he is also liable to the vendee; but if it did, the argument fails when applied to lands. The sheriff is not bound to seize them. Lands do not pass as personal estate does, by sale and delivery. Movables are seized in order to their delivery. There is no occasion to seize lands for the same purpose. When sold, they need not be delivered to the vendee. The sheriff cannot expel the possessor (496) and put the vendee into possession, and therefore the sheriff is not liable for selling the lands of a stranger to the execution. The dispute lies in such cases between the vendee and the claimants. The vendee purchases at his own risk. The sheriff is not subject to the claimant's action, the conclusion drawn from his liability in cases of personal property fails. We are clearly of opinion the present action cannot be sustained.
Verdict and judgment for the defendant.